UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

EDWIN GUZMAN,

                              Plaintiff,

                  -against-

THE CITY OF NEW YORK and P.O.s  JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

06 Civ. 4131 (LBS)

**JURY TRIAL DEMANDED**

Plaintiff EDWIN GUZMAN, by his attorney, ROSE M. WEBER, complaining of the
defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,
as said rights are secured by said statutes and the Constitutions of the State of New York and the
United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the
First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),
in that this is the District in which the claim arose.

### JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6.      Plaintiff EDWIN GUZMAN is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     In the early morning hours of September 26, 2004, plaintiff EDWIN GUZMAN was lawfully present in the courtyard of 107 Post Avenue, in the County, City and State of New York.

14.     At aforesaid time and place, plaintiff EDWIN GUZMAN was suddenly accosted by members of the New York City Police Department.

15.     Defendants punched, kicked, and spat on plaintiff EDWIN GUZMAN, placed him in a chokehold, slammed him to the ground, used a stun-gun on him, used ethnic slurs, and handcuffed plaintiff too tightly.

16.     As a result of this unprovoked assault, plaintiff EDWIN GUZMAN sustained, *inter alia*, injuries to his head, torso, and wrists.

17.     Defendants transported plaintiff EDWIN GUZMAN to the 34th Precinct of the New York City Police Department, in Manhattan, New York, where he was again assaulted.

18.     From the precinct, plaintiff EDWIN GUZMAN was transported to Columbia-Presbyterian Hospital, where he was hospitalized for two days as a result of the injuries inflicted by defendants.

19.     As a result of the foregoing, plaintiff EDWIN GUZMAN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

20.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

22.     All of the aforementioned acts deprived plaintiff EDWIN GUZMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

25.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §  1983

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff EDWIN GUZMAN's constitutional rights.

28.     As a result of the aforementioned conduct of defendants, plaintiff EDWIN GUZMAN was subjected to excessive force and sustained severe physical injuries.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Each and every individual defendant had an affirmative duty to intervene on plaintiff EDWIN GUZMAN's behalf to prevent the violation of his constitutional rights.

31.     The individual defendants failed to intervene on plaintiff EDWIN GUZMAN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

32.     As a result of the aforementioned conduct of the individual defendants, plaintiff EDWIN GUZMAN's constitutional rights were violated and he was subjected to excessive force and sustained severe physical injuries.

**FOURTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force on minority males while taking them into custody and covering up the use of excessive force by arresting the individual.

36.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EDWIN GUZMAN.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EDWIN GUZMAN as alleged herein.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff EDWIN GUZMAN as alleged herein.

40.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff EDWIN GUZMAN was unlawfully subjected to excessive force.

41.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EDWIN GUZMAN's constitutional rights.

42.     All of the foregoing acts by defendants deprived plaintiff EDWIN GUZMAN of federally protected rights, including, but not limited to, the right:

A.     Not to have excessive force imposed upon him;

B.      Not to have cruel and unusual punishment imposed upon him; and

C.      To receive equal protection under the law.

43.      As a result of the foregoing, plaintiff EDWIN GUZMAN is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars  ($10,000,000.00).

**WHEREFORE**, plaintiff EDWIN GUZMAN demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            May 22, 2006

                                          _____/s_____
                                          ROSE M. WEBER (RW 0515)
                                          225 Broadway, Suite 1608
                                          New York, NY 10007
                                          (212) 748-3355